UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORETTA STREICHERT,

                          Plaintiff,

           v.

TOWN OF CHESTER, NEW YORK *et al.*,

                          Defendants.

No. 19-CV-7133 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Before the Court is Defendants' Motion for Reargument (the "Motion"), (*see* Mot. for

Reargument (Dkt. No. 70)), seeking reconsideration of the Court's September 23, 2022 Opinion

and Order granting in part and denying in part Defendants' Motion for Summary Judgment (the

"Opinion"), (*see* Op. & Order ("2022 Op.") (Dkt. No. 68)).[1]

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and

Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the

practice of a losing party examining a decision and then plugging the gaps of a lost motion with

additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp.*, 965 F. Supp. 2d 402,

404 (S.D.N.Y. 2013) (citation omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for

such motions is "strict" and "should not be granted where the moving party seeks solely to

relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

---

[1] Although styled as a Motion for Reargument (*see* Mot. for Reargument at 1), the Court
construes Defendants' Motion as one for reconsideration of its decision not to dismiss
Defendants Ryan Wensley and Alex Jamieson (*id.* at 2 ("Defendants respectfully request that the
Court *reconsider* . . . its decision and grant summary judgment, pursuant to Local Rule 6.3,
dismissing this claim as against Defendants, Alex Jamieson and Ryan C. Wensley.") (emphasis
added).

1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2017 WL

3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions

for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive

arguments on issues that have been considered fully by the [c]ourt." (citation omitted)); *Leith v.

Emerson*, No. 05-CV-7867, 2007 WL 9818914, at *2 (S.D.N.Y. Nov. 20, 2007) ("Rule 6.3 is

narrowly construed and strictly applied in order to discourage litigants from making repetitive

arguments on issues that have been thoroughly [considered] by the court." (quotation marks

omitted)).  A movant may not "rely upon facts, issues, or arguments that were previously

available but not presented to the court."  *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d 522, 523

(S.D.N.Y. 2014).  Nor is a motion for reconsideration "the proper avenue for the submission of

new material."  *Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y.

2000).  "Rather, to be entitled to reconsideration, a movant must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying

motion, which, had they been considered might reasonably have altered the result reached by the

[C]ourt."  *Arthur Glick*, 965 F. Supp. 2d at 405 (citation omitted); *Shrader*, 70 F.3d at 257

(same).  In other words, "[a] motion for reconsideration should be granted only when the

[movant] identifies an intervening change of controlling law, the availability of new evidence, or

the need to correct a clear error or prevent manifest injustice."  *Alvarez v. City of New York*,

No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel

Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also

Intergit*, 52 F. Supp. 3d at 523 (same).

   The Court finds that Defendants' Motion meets this rigorous standard.  In their

Memorandum of Law, Defendants requested that Defendants Ryan Wensley and Alex Jamieson

be dismissed because they had no involvement with the hiring decision that remains at issue in

this case. (*See* Mem of Law in Supp. of Summ. J. at 26 (Dkt. No. 60).)[2]  In its Opinion, the

Court inadvertently failed to address this request. (*See generally* 2022 Op.)  The Court now

grants Defendants' request in order to "correct a clear error" in its earlier Opinion. *Alvarez*, 2017

WL 6033425 at *2.  Defendants Ryan Wensley and Alex Jamieson are hereby dismissed from

this case.

> Accordingly, Defendants' Motion is granted.[3]  The Clerk of Court is respectfully directed

to terminate the pending motion, (Dkt. No. 70).


SO ORDERED.


Dated:   November 3, 2022
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[2] The Court notes that Plaintiff consents to the Court granting Defendants' motion. (*See* Pl's Letter (Dkt. No. 73).)
[3] Defendants have also requested that the Court alter the caption to remove Defendants Wensley and Jamieson.  The Court declines to do so.